# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Respondent, | ) |  |
| vs. | ) | No. 14 C 3673 |
| FRANCISCO NUNEZ, | ) |  |
| Movant. | ) |  |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Francisco Javier Nunez pled guilty to two counts of knowingly using a cellular telephone to facilitate the commission of a felony, namely conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. § 843(b). During the plea hearing, Nunez admitted that he owned a rental property that was used to grow marijuana and that he made calls to assist in the sale of marijuana. The Court sentenced him to a prison term of 48 months, plus one year of supervised release. The sentence was below the Sentencing Guidelines range of 57 to 71 months. The range was based in part on the Court's determination that Nunez was responsible for conspiring to distribute 8.5 kilograms of marijuana and 509 grams of cocaine. Nunez appealed, and the Seventh Circuit affirmed his sentence. *United States v. Nunez*, 525 F. App'x 476, 478–79 (7th Cir. 2013).

Nunez has now filed a *pro se* motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. He contends that he was denied effective assistance of

counsel because his attorney (1) did not retain an expert to test the 85 marijuana plants that were seized from his property; (2) did not challenge the government's calculation of the marijuana's weight; (3) did not inform him before he pled guilty that the government might hold him responsible for cocaine distribution in addition to marijuana distribution; (4) did not challenge the government's contention that he was responsible for cocaine distribution at sentencing; (5) promised that he would receive a sentence of probation or home confinement as a result of his plea agreement; and (6) did not move to withdraw his plea. Nunez also seeks an evidentiary hearing. The Court denies Nunez's request for a hearing and his motion for the reasons stated below.

## Discussion

When reviewing a motion under 28 U.S.C. § 2255, the Court must hold an evidentiary hearing if the movant alleges facts that, if proven to be true, would entitle him to relief. 28 U.S.C. § 2255(b); *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). A hearing is not required, however, "if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

An ineffective assistance of counsel claim "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). A defendant can maintain a claim for ineffective assistance of counsel if "(1) his counsel's performance fell below an objective standard of reasonableness; and (2) the deficient performance so prejudiced his defense that it deprived him of a fair trial." *United States v. Hall*, 212 F.3d 1016, 1021 (7th Cir. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 688–94

(1984)). The record conclusively shows that Nunez's claims lack merit and that his attorney, Andrea Gambino, did not provide ineffective assistance.

**A.      Marijuana**

Nunez argues that his attorney rendered ineffective assistance because she did not retain a forensic expert to test the 85 plants recovered from his residence to confirm that they were marijuana and because she failed to challenge the government's weight calculation.

Gambino did not render ineffective assistance by failing to test the plants. Nunez admitted during the plea hearing and in his signed plea agreement that he knew marijuana had been cultivated in his house. And the government presented ample evidence that the planters that were recovered contained marijuana. "[A]n attorney need not investigate every evidentiary possibility before choosing a defense. Whether a decision to forego more investigation is reasonable is analyzed from the perspective of counsel at the time of the decision and in light of all the circumstances." *Rutledge v. United States*, 230 F.3d 1041, 1050 (7th Cir. 2000) (internal citation omitted). Gambino's decision not to retain a forensic expert to test the plants was reasonable in light of Nunez's admission and the weight of the government's evidence.

Nunez also complains that Gambino did not challenge the 8,500 gram weight calculation. Nunez is correct that she did not dispute that particular amount. But this was reasonable on Gambino's part, given that there were 85 marijuana plants. In determining drug weight for sentencing, an individual marijuana plant is automatically treated as the equivalent of 100 grams of marijuana, even if the plant was small or defective, unless the actual weight is greater. U.S.S.G. § 2D1.1. Gambino said at the

3

sentencing hearing that she was not challenging the 100 grams-per-plant calculation because "given what the law is, there's no point in doing that." June 25, 2012 Tr. at 28:5–9. She did not render ineffective assistance by failing to challenge the determination.

The Court also notes that Gambino *did* challenge a higher weight calculation that the government advocated. The government contended that Nunez should be held responsible for 48,000 grams of marijuana based on a cultivation cycle analysis, which contemplates the amount of marijuana that could be grown from the plants in a year. Gambino challenged this contention. The Court agreed with her and found that Nunez was only responsible for 8,500 grams, because it would have been unfair to apply "a five and a half or six times multiplier of the quantity" after the "people on both sides of this . . . carefully negotiated and carefully agreed to" 8,500 grams during plea negotiations. June 25, 2012 Tr. at 27:3–10.

**B.    Cocaine**

Nunez argues that Gambino did not inform him before he pled guilty that the government was planning to hold him responsible for 509 grams of cocaine. The plea agreement and transcript of the plea hearing contradict his assertion. The plea agreement states that "JAVIER [Nunez] acknowledges that the government's position is that JAVIER agreed with Jesus Nunez to obtain at least 509 grams of cocaine for distribution to customers." Plea Agreement ¶ 6. Judge Elaine Bucklo, who took Nunez's guilty plea, also mentioned the disagreement between the defense and the government about whether Nunez would be held accountable for cocaine at sentencing. Nunez confirmed that he understood this. July 14, 2011 Tr. at 11:20–12:21. Moreover,

4

Gambino interjected to emphasize that the defense would dispute the cocaine allegations at sentencing.  *Id.* at 12:22–25.  In short, the record clearly establishes that Nunez knew that he could be held responsible for cocaine distribution at sentencing. His claim that Gambino did not inform him of the cocaine allegations before he pled guilty is meritless.

Nunez also argues that Gambino rendered ineffective assistance by failing to challenge at sentencing the government's contention that he was responsible for cocaine.  To the contrary, Gambino vigorously challenged the cocaine allegations. Whether Nunez would be held responsible for 509 grams of cocaine was one of the primary disputes at the sentencing hearing.  The government supported its argument that the Court should consider the cocaine by presenting telephone calls made by "Javier" in which cocaine distribution was discussed.  Gambino responded that the calls may have involved a different person named Javier and that it was not clear that the callers were discussing cocaine as opposed to marijuana.  June 25, 2012 Tr. at 8:13–12:14.  Gambino also argued that it was unfair for the government to hold Nunez accountable for conduct at sentencing under a preponderance of the evidence standard that it had not proven beyond a reasonable doubt.  The Court concluded that the cocaine allegations could be considered and that the government had established that Nunez was involved in two cocaine transactions by a preponderance of the evidence. But although her arguments were unsuccessful, it is clear from the record that Gambino vigorously disputed the cocaine allegations.

In sum, Gambino did not render ineffective assistance of counsel with respect to the cocaine allegations.

## C. Probation or home confinement

Nunez argues that Gambino promised that he would receive a sentence of probation or home confinement. Again, the record contradicts this contention. The plea agreement makes it clear that the government intended to seek a sentence of 70 to 87 months imprisonment. Plea Agreement ¶ 9(d). Additionally, Judge Bucklo told Nunez during the guilty plea hearing that he faced a maximum sentence of eight years imprisonment, and Nunez confirmed that he understood. July 14, 2011 Tr. at 11:15–19. Nunez also specifically confirmed that no promises had been made to him apart from what was in the plea agreement. *Id.* at 10:23–11:11. Thus, Nunez's statements during the plea hearing contradict his contention that Gambino promised probation or home confinement. Barring a "compelling explanation" for this contradiction, the Court is entitled to rely on Nunez's representations during the plea hearing. *Thompson v. United States*, 732 F.3d 826, 829 (7th Cir. 2013) (internal quotation marks omitted) ("[A] [§ 2255] motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction."); *see also United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). Nunez has offered no explanation for this contradiction, and the Court sees no reason to question the admissions that he made under oath during the plea hearing.

## D. Motion to withdraw plea

Finally, Nunez argues that Gambino's failure to file a motion to withdraw his plea before sentencing when he asked her to do so constituted ineffective assistance. He claims that a motion to withdraw should have been filed because the government was

6

attempting to hold him responsible for "drug amounts and cocaine that were not referenced in his plea agreement."  Mem. in Supp. of § 2255 Mot. at 5.  Contrary to his assertion, and as the Court has discussed, Nunez's plea agreement does reference the 8,500 grams of marijuana and 509 grams of cocaine for which Nunez was ultimately held accountable.  Because Nunez offers no "fair and just reason" that would have supported the withdrawal of his plea, Fed. R. Crim. P. 32, his claim that Gambino should have moved to withdraw the plea and that he was prejudiced as a result lacks merit.

## Conclusion

For the foregoing reasons, the Court denies Nunez's section 2255 motion and directs the Clerk to enter judgment in favor of the respondent.  The Court declines to issue a certificate of appealability, because it can find nothing to suggest that the merits of the claims that were rejected are debatable, capable of different resolution, or deserving of further consideration.  *See* 28 U.S.C. §2253(c)(2); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983).  Nunez has also filed a motion, described as a motion under the Second Chance Act, asking the Court to recommend to the Bureau of Prisons that he serve 12 months of his sentence in a halfway house followed by 6 months in home detention [dkt. no. 4].  The Court intends to address this request when it considers Nunez's motion for a sentence reduction in his criminal case.  *See* Case No. 10 CR 667 (dkt. no. 277).

                                                                                                                                     _____
                                                                     MATTHEW F. KENNELLY
                                                                   United States District Judge

Date:  April 27, 2015